IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Garrin David Smith, ) | C/A No. 6:24-cv-04060-JFA-KFM |
| ) | |
| Plaintiff, ) | **REPORT OF MAGISTRATE JUDGE** |
| ) | |
| vs. ) | |
| ) | |
| United States, Greenville County, ) | |
| Jackson County Sheriff's Office, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This is a civil action filed by a *pro se* non-prisoner plaintiff. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in this case and submit findings and recommendations to the district court. For the reasons that follow, the undersigned recommends that this case be dismissed. The plaintiff's complaint was entered on the docket on July 22, 2024 (doc. 1). By orders filed August 6, 2024, and August 28, 2024, the plaintiff was given a specific time frame in which to bring his case into proper form for judicial screening (docs. 8; 13). The plaintiff complied with the court's orders, and the case is now in proper form for judicial screening. However, for the reasons that follow, it is recommended that this matter be dismissed.

## ALLEGATIONS

This is a civil action filed by the plaintiff, a non prisoner proceeding *pro se* (doc. 1). The court takes judicial notice of the plaintiff's convictions in the Greenville County General Sessions Court as well as in the United States District Court for the District of

South Carolina.[1]  *See* Greenville County Public Index, https://publicindex.sccourts.org/Greenville/PublicIndex/PISearch.aspx (enter the plaintiff's name and H149064, H149065) (last visited September 26, 2024); *see also United States v. Smith*, C/A No. 6:04-cr-00466-TMC-1 (D.S.C.).  The plaintiff's charges in the Greenville County General Sessions Court were indicted and the plaintiff later pled guilty to each charge.  *See* Greenville County Public Index (enter the plaintiff's name and H149064, H149065) (last visited September 26, 2024).  The plaintiff's criminal charge in the United States District Court for the District of South Carolina was indicted and the plaintiff pled guilty to conspiracy to distribute a controlled substance.  *See United States v. Smith*, C/A No. 6:04-cr-00466-TMC-1.

The plaintiff alleges that the defendants violated his rights by obtaining an arrest warrant based on deliberate falsehoods (doc. 1 at 1).  The plaintiff alleges that when he was arrested, there was never a neutral and detached magistrate involved, the warrant for his arrest was improperly issued, and the court did not have jurisdiction over the plaintiff (*id*. at 1, 5).  The plaintiff contends that the actions by the defendants constituted false arrest (*id*. at 1–2).  The plaintiff also contends that the warrant did not have his name on it, so he was illegally arrested (*id*. at 2, 5).  The plaintiff contends that he was then forced to plead guilty to the charges after being arrested illegally in Jackson County, Georgia (*id*.).  The plaintiff was later illegally extradited from Georgia to Greenville, South Carolina and only pled guilty after his attorney threatened him (*id*. at 3–4).  The plaintiff alleges that the grand jury indictments were not issued legally (*id*. at 4).

The plaintiff contends that agents from the Drug Enforcement Agency ("DEA") took him to Burger King to eat, which was illegal, and then illegally charged the plaintiff with a federal crime (*id*.).  The plaintiff alleges that the federal officials acted outside of their

---

[1] *See Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (explaining that courts "may properly take judicial notice of matters of public record"); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

authority, which constituted fraud and violated his due process rights (*id*., at 4, 5). Because the criminal proceedings were void, the plaintiff alleges he is entitled to money damages because of the false imprisonment (*id*.). For relief, the plaintiff seeks money damages and to have the void charges expunged from his record (*id*.).

## **APPLICABLE LAW & ANALYSIS**

The plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). As a *pro se* litigant, the plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

As an initial matter, although the instant matter is repetitive of earlier actions filed by the plaintiff, based upon the *Heck* bar, many of his prior actions were dismissed (in part or in whole) without prejudice. *See* Exhibit A; *see also Hegedus v. Nationstar Mort. LLC*, C/A No. 5:17-cv-00053, 2018 WL 146268, at *8 (W.D. Va. Feb. 1, 2018) (holding that dismissals for failure to state a claim are considered final judgments for purposes of res judicata unless "the prior action was expressly dismissed without prejudice"). As such, because the application of claim preclusion is unclear with respect to some of the plaintiff's repetitive claims, the undersigned will address the pleading deficiencies with respect to each claim asserted in this action. Additionally, although this court does not have jurisdiction over actions that may have occurred in Georgia (involving defendant Jackson County Sheriff's Office), the location of the plaintiff's alleged constitutional violations is

3

unclear; thus, out of an abundance of caution for the *pro se* plaintiff, the undersigned has treated the allegations in the plaintiff's complaint as arising within this court's jurisdiction.

**The plaintiff's complaint is barred by *Heck v. Humphrey***

To the extent the plaintiff's vague allegations of improper arrests, warrants, and convictions seeks money damages from the defendants for false imprisonment and improper incarceration, such claims are barred by *Heck*. *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court held that in order to recover damages for imprisonment in violation of the Constitution, the imprisonment must first be successfully challenged. *Id*. The Court stated:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Id*. at 486–87 (footnote omitted); *see also Edwards v. Balisock*, 520 U.S. 641 (1997) (the preclusive rule of *Heck* extended to § 1983 claims challenging procedural deficiencies which necessarily imply the invalidity of the judgment); *Poston v. Shappert*, 22 F. App'x 301, at 301–02 (4th Cir. 2007) (unpublished per curiam opinion) (applying *Heck* to bar claims for damages under § 1983 and *Bivens*). This is known as the "favorable termination" requirement. *See Wilson v. Johnson*, 535 F.3d 262, 263 (4th Cir. 2008). The plaintiff's complaint includes no indication that his charges were adjudicated in his favor (*see* doc. 1). Moreover, as noted, judicially-noticed, publicly-available online records for the plaintiff's state and federal criminal convictions indicate that the plaintiff pled guilty to both his state and federal charges. *See* Greenville County Public Index (enter the plaintiff's name and H149064, H149065) (last visited September 26, 2024); *see also United States v. Smith*, C/A

No. 6:04-cr-00466-TMC-1. The plaintiff's convictions do not indicate a favorable termination; thus, his claims that he was wrongfully convicted and imprisoned are barred by *Heck*.

*Heck* still applies even though the plaintiff is no longer serving a sentence for any of the applicable convictions as the plaintiff has not alleged that the was barred from seeking habeas relief while in custody. *See Griffin v. Baltimore Police Dep't*, 804 F.3d 692, 696–98 (4th Cir. 2015) (noting an exception to the *Heck* bar when a litigant "could not, as a practical matter, [have sought] habeas relief" while in custody (quoting *Wilson v. Johnson*, 535 F.3d 262, 268 (4th Cir. 2008)). Indeed, the plaintiff's filing history, outlined *infra*, reveals that although he did not file a habeas petition for his state criminal convictions, he had ample opportunity to file such an action (as he filed several other actions during his incarceration as set out in Exhibit A). The plaintiff also filed a habeas motion pursuant to 28 U.S.C. § 2255 regarding his federal criminal conviction. *United States v. Smith*, C/A No. 6:04-cr-00466-TMC-1, at docs. 111; 115 (D.S.C.) (denial of habeas motion filed for federal criminal conviction). As such, the exception to *Heck* does not apply in this matter.

**Statute of Limitations**

As an initial matter, the plaintiff's complaint is subject to dismissal because the plaintiff's claims are woefully untimely. Although the statute of limitations is an affirmative defense, the court may *sua sponte* dismiss a complaint at the initial screening stage on that basis if it appears on the face of the complaint that the action is time-barred. *See Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655–56 (4th Cir. 2006) (published) (recognizing that the court can *sua sponte* consider statute of limitations in cases filed *in forma pauperis* pursuant to 28 U.S.C. § 1915 when the expiration of the statute of limitations is plain on the face of the complaint). As such, because the plaintiff is proceeding *in forma pauperis*, the court will *sua sponte* consider whether the instant matter is time-barred.

5

While a statute of limitations is not contained within the text of § 1983, the Supreme Court has determined that a state's general statute of limitations for personal injury claims applies, even if the state has different statutes of limitation for intentional torts. *Owens v. Okure*, 488 U.S. 235, 249–50 (1989) (noting that "we accordingly hold that where state law provides multiple statutes of limitation for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions"). Because *Bivens* is the federal equivalent to an action under § 1983, federal courts have also generally extended the state personal injury statute of limitations to *Bivens* cases as well. *See Reinhold v. Evers*, 187 F.3d 348, 359 n.10 (4th Cir. 1999). South Carolina law allows three years for a plaintiff to bring a personal injury action. S.C. Code § 15-3-530(5). Therefore, the statute of limitations for both *Bivens* and § 1983 claims arising in South Carolina is three years, regardless of the underlying allegations. *See Hamilton v. Middleton*, C/A No. 4:02-cv-01952-23, 2003 WL 23851098, at *4 (D.S.C. June 20, 2003). Here, construing the filing date in the light most favorable to the plaintiff, the plaintiff's complaint was filed July 15, 2024, the date the plaintiff signed his complaint (doc. 1 at 5). However, the events described in the plaintiff's complaint occurred between 2002 and 2004 (*see* doc. 1) some 20 years prior to the filing of this action. As such, they are time-barred. The plaintiff's claims are not saved to the extent they occurred in Georgia (even presuming such claims could be considered in this court), as the statute of limitations for personal injury actions in Georgia is two years – shorter than that provided for under South Carolina law. *Richards v. Cobb Cnty., Ga.*, 487 F. App'x 556, 557 (11th Cir. 2012); *see* Ga. Code Ann. § 9-3-33. Accordingly, the plaintiff's claims in this action (other than those that have not yet accrued pursuant to *Heck*) are time-barred.

**Greenville County**

The plaintiff's claims against Greenville County are also subject to dismissal based upon Eleventh Amendment Immunity. *See Alden v. Maine*, 527 U.S. 706, 712–13

(1999); *Alabama v. Pugh*, 438 U.S. 781, 781–82 (1978); *see also* S.C. Code Ann. § 15-78-20(e) (noting that the State of South Carolina has not consented to suit in federal court); *Quern v. Jordan*, 440 U.S. 332, 342–43 (1979) (holding that congress has not abrogated the state's sovereign immunity in § 1983 actions).

**Not a Person**

In addition to the foregoing, the defendants named in this action by the plaintiff may not be sued pursuant to § 1983 (or *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1999) for those acting under color of federal law) (*see* doc. 1). It is well settled that only "persons" may act under color of law; thus, a defendant in a § 1983 action (or *Bivens* action) must qualify as a "person." *See Harden v. Green*, 27 F. App'x 173, 178 (4th Cir. 2001); *see also Farmer v. Brennan*, 511 U.S. 825, 839 (1994) (case law involving § 1983 claims is applicable in *Bivens* actions and vice versa). Further, inanimate objects or groups of people, such as departments, buildings, facilities, and grounds cannot act under color of law. *See also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (holding that "neither a state nor its officials acting in their official capacities are 'persons' under § 1983."). The defendants listed in this action are thus not "persons"; thus, they are subject to summary dismissal. *See Nelson v. Lexington Cnty. Det. Ctr.*, C/A No. 8:10-cv-2988-JMC, 2011 WL 2066551, at *1 (D.S.C. May 26, 2011) (finding that a building – the detention center – is not amenable to suit under § 1983).

**Frivolousness**

The plaintiff's complaint is also subject to summary dismissal for frivolousness. It is well-settled that the court has the authority to dismiss claims that are obviously "fantastic" or "delusional." *Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994); *Raiford v. FBI*, C/A No. 1:10-cv-2751-MBS-JRM, 2010 WL 6737887, at *3 (D.S.C. Nov. 17, 2010), *Report and Recommendation adopted by* 2011 WL 2020729 (D.S.C. May 23, 2011) (explaining a finding of factual frivolousness is appropriate when "the facts alleged rise to

the level of the irrational or the wholly incredible"). In reviewing a complaint for frivolousness or malice, the court looks to see whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. *Harley v. United States*, 349 F. Supp. 2d 980, 981 (M.D.N.C. 2004) (citing *Neitzke v. Williams*, 490 U.S. 319 (1989)). The Court must accept all well-pled allegations and review the Complaint in a light most favorable to plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

Here, even when reviewed in a light most favorable to the plaintiff, the complaint is comprised of factual allegations that are not credible, and which fail to state a claim for relief. *See Neal v. Duke Energy*, No. 6:11-cv-1420-HFF-KFM, 2011 WL 5083181, at *4 (D.S.C. June 30, 2011), *Report and Recommendation adopted by* 2011 WL 5082193 (D.S.C. Oct. 26, 2011) (dismissing action upon finding plaintiff's factual allegations were frivolous, fanciful, and delusional where plaintiff claimed defendants clandestinely placed a GPS device in her car while it was in the shop for repairs and that she was being stalked by the defendants, noting the allegations were "made without any viable factual supporting allegations and appears to be the product of paranoid fantasy"); *Feurtado v. McNair*, C/A No. 3:05-cv-1933-SB, 2006 WL 1663792, at *2 (D.S.C. Jun. 15, 2006) (noting that frivolousness encompasses inarguable legal conclusions and fanciful factual allegations), *aff'd*, 227 F. App'x 303 (4th Cir. 2007), *petition for cert. dismissed*, 553 U.S. 1029 (2008). For example, the plaintiff's complaint is full of allegations that are frivolous and nonsensical in nature, including that: the statute used to prosecute him was retired and void; that he was coerced to comply with the "void process"; he was extradited using a different name and warrant; that a pretend indictment was used to "pretend sentence" him; that he only plead guilty because his attorney threatened him; that he was illegally taken to Burger King by DEA agents; that federal warrants for his arrest were forged; and that his federal criminal proceedings involved multiple magistrate judges to "avoid making the

transaction personal" (*see* doc. 1). These allegations are clearly frivolous and lack a basis in the law. As such, in addition to the foregoing, the plaintiff's complaint would also be subject to summary dismissal as frivolous.

**Litigation History**

Of note, the plaintiff in this matter has a history of filing repetitive and frivolous actions in this court and others, as outlined in Exhibit A. Additionally, in granting the plaintiff's motion for leave to proceed *in forma pauperis*, the undersigned noted that the plaintiff may be required to pay the filing fee at the conclusion of the case if the case was found to be without merit (doc. 8 at 1) (citing *Flint v. Haynes*, 651 F.2d 970, 972–74 (4th Cir. 1981)). The plaintiff's repetitive and frivolous filings have hindered the court from fulfilling its constitutional duty. *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 817 (4th Cir. 2004). As such, the undersigned recommends that the plaintiff be sanctioned.

## **RECOMMENDATION**

The undersigned recommends that the district court dismiss this action with prejudice (other than claims barred by *Heck*), without leave to amend, and without issuance and service of process. *See Britt v. DeJoy*, 45 F.4th 790, 791 (4th Cir. 2022) (published) (noting that "when a district court dismisses a complaint or all claims without providing leave to amend . . . the order dismissing the complaint is final and appealable").

Additionally, based upon the plaintiff's penchant for the filing repetitive and frivolous actions, the undersigned further recommends that the assigned United States District Judge sanction the plaintiff $405.00, payable to the Clerk of Court at 250 East North Street, Greenville, SC 29601, for filing this action. It is further recommended that in the event the plaintiff attempts to file another action in this Court before payment of the filing fee/sanction from this case, the Clerk of Court be authorized to assign civil action numbers (for docket control purposes) so that the undersigned may (1) instruct the plaintiff to pay the sanctions (and if the sanctions are not paid forward the case to the assigned United States

District Judge for an order of dismissal without prejudice and without issuance and service of process) or (2) certify that the action is not frivolous.

**The plaintiff's attention is directed to the important notice on the last page.**

**IT IS SO RECOMMENDED**.

s/Kevin F. McDonald<br>United States Magistrate Judge

September 26, 2024
Greenville, South Carolina

**EXHIBIT A**

**United States District Court for the District of South Carolina**

*Smith v. U.S.*, C/A No. 6:18-cv-03582-JFA-KFM, 2019 WL 3859004 (D.S.C. Aug. 16, 2019) (dismissing coram nobis petition as repetitive)

*Smith v. Cnty. of Greenville, et al.*, C/A No. 6:18-cv-01744-JFA-KFM, 2018 WL 3756849 (D.S.C. Aug. 7, 2018) (dismissing civil action for failure to state a claim)

*Smith v. Porter, et al.*, C/A No. 6:17-cv-17-2105-JFA, 2018 WL 263910 (D.S.C. Jan. 2, 2018) (dismissing civil action for failure to state a claim)

*Smith v. Brown, et al.*, C/A No. 6:09-cv-02903-JFA-WMC, 2010 WL 364226 (D.S.C. Jan. 26, 2010) (dismissing civil action pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim)

*Smith v. Cnty. of Greenville*, C/A No. 6:09-cv-02961-JFA-WMC, at doc. 13 (D.S.C. Jan. 4, 2010) (voluntarily dismissed)

*Smith v. U.S.*, C/A No. 6:07-cv-01793-GRA-WMC, 2007 WL 2332416 (D.S.C. Aug. 13, 2007) (dismissing civil action as frivolous)

**United States District Court for the District of Columbia**

*Smith v. Dep't of Justice, et al.*, C/A No. 23-1018 (UNA), 2023 WL 3275621 (D.C. May 4, 2023) (dismissing civil action based upon *Heck*)

**United States District Court for the Southern District of Mississippi**

*Smith v. Mosley*, C/A No. 3:13-cv-00851-DCB-MTP, 2014 WL 1153263 (S.D. Miss. Mar. 21, 2014) (dismissing sentence computation claims for failure to exhaust and dismissing sentence validity claims based on a lack of subject matter jurisdiction)

*Smith v. Martin, et al.*, C/A No. 5:13-cv-00217 (S.D. Miss.) (transferring case to the Northern Division of the United States District Court for the Southern District of Mississippi)

*Smith v. Brown, et al.*, C/A No. 5:09-cv-00188-DCB-MTP, at doc. 11 (S.D. Miss. Jan. 28, 2010) (granting voluntary motion to dismiss filed by the plaintiff)

*Smith v. Pearson*, C/A No. 5:09-cv-00024-DCB-MTP, 2009 WL 2447506 (S.D. Miss. Aug. 7, 2009) (dismissing habeas claims for lack of subject matter jurisdiction)

**United States District Court for the Northern District of Georgia**

*Smith v. Cnty. of Jackson*, C/A No. 1:09-cv-03133-BBM, at doc. 3 (N.D. Ga. Dec. 4, 2009) (dismissing civil action as frivolous pursuant to 28 U.S.C. § 1915A(b)(1))

*Smith v. Brown, et al.*, C/A No. 1:09-cv-03132-BBM, at doc. 4 (N.D. Ga. Dec. 4, 2009) (dismissing civil action as frivolous pursuant to 28 U.S.C. § 1915A(b)(1))

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Room 2300
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).