IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Garrin David Smith, <br><br> Plaintiff, <br><br> v. <br><br> United States, Greenville County, and Jackson County Sheriff's Office, <br><br> Defendants. | C/A No. 6:24-cv-4060-JFA-KFM <br><br><br> **ORDER** |

### I.     INTRODUCTION

Garrin Smith ("Plaintiff"), proceeding pro se, filed this civil action against the United States, Greenville County, and the Jackson County Sheriff's Office. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for initial review.

After performing an initial review of the complaint, the Magistrate Judge prepared a thorough Report and Recommendation ("Report"). (ECF No. 19). Within the Report, the Magistrate Judge opines the Complaint is subject to summary dismissal for numerous reasons. *Id.* The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation. Plaintiff then submitted a document entitled "Appeal from Report and Recommendation" which this Court has construed as objections to the Report. (ECF No. 22). Thus, this matter is ripe for review.

1

## II.     STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

2

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

Because Plaintiff is representing himself, these standards must be applied while liberally construing his filings in this case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### III.   DISCUSSION

As stated above, the relevant facts and standards of law on this matter are incorporated from the Report and therefore no further recitation is necessary here. (ECF No. 19). The Report ultimately concludes that this case should be dismissed for a variety of reasons including frivolity, untimeliness, and that it is barred by the applicable law.

In his apparent response to the Report, Plaintiff has submitted a series of incoherent ramblings that fail to elucidate his claims or in any way address the Report. Many of his statements echo those previously asserted and described as "allegations that are frivolous and nonsensical in nature" by the Magistrate Judge. (ECF No. 19, p. 8). Thus, Plaintiff has failed to provide proper objections to the Report or otherwise show why this action should not be summarily dismissed.

Plaintiff's filing fails to offer any specific reference to the Report which would allow the undersigned to focus on any issue, either factual or legal, with which Plaintiff feels has

3

been reached in error. "Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007). Because Plaintiff has failed to offer any specific objections which would allow for a *de novo* review, the court is only required to review the Report for clear error and is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Consequently, this court has reviewed the Report and finds no error which would warrant any further action or correction.

The Report also recommends that Plaintiff be sanctioned given his history of filing repetitive and frivolous actions in this court and others, as outlined in Exhibit A to the Report. (ECF No. 19, p. 11). Although Plaintiff had the opportunity to respond to this notification of sanctions by way of objecting to the Report, his filings fail to reference the sanctions in any way. Accordingly, the Court agrees that sanctions are appropriate.

## IV.     CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the Court finds no clear error in the Report. After a *de novo* review of each part of the Report to which Plaintiff specifically objected, the Court hereby adopts the Report and Recommendation. (ECF No. 19). For the reasons discussed above and in the Report, this action is summarily dismissed with prejudice (other than those claims barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) which are dismissed without prejudice), without leave to amend, and without issuance and service of process.

Additionally, based upon Plaintiff's penchant for filing repetitive and frivolous actions, Plaintiff is sanctioned the applicable filing fee of $405.00, payable to the Clerk of Court at 250 East North Street, Greenville, SC 29601, for filing this action. Further, in the event Plaintiff attempts to file another action in this Court before payment of the filing fee/sanction from this case, the Clerk of Court is authorized to assign civil action numbers (for docket control purposes) so that the Magistrate Judge may (1) instruct the plaintiff to pay the sanctions (and if the sanctions are not paid forward the case to the assigned United States District Judge for an order of dismissal without prejudice and without issuance and service of process) or (2) certify that the action is not frivolous.

IT IS SO ORDERED.

November 14, 2024                         Joseph F. Anderson, Jr.
Columbia, South Carolina                  United States District Judge